Paul *v.* Frost.

---

† PAUL *versus* FROST *&* al.

Where the parties to a suit claim title to the premises from the same grantor, the demandant by a mortgage and the tenant by a later quitclaim deed earliest on record, on proof that the latter, prior to the delivery of his deed, had notice of the existence of the former title, the demandant will be entitled to recover.

And the common grantor of the parties is a competent witness by whom to prove such notice, without being released on his covenants.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

WRIT OF ENTRY.

Both parties claimed title from one J. B. Wing. The demandant, as assignee of a mortgage, dated Jan. 28, 1846, and recorded June 25, 1846, who produced some of the

notes described in it. The tenants, by a quitclaim deed, dated May 13, 1846, and recorded the day succeeding.

The demandant, against the objection of tenants, on account of interest, read the deposition of said Wing, tending to show that before delivering the tenants' deed, they were notified of the mortgage held by demandant.

It was agreed, that if upon the evidence admissible, the demandant was entitled to recover, a default should be entered, but if the deposition of Wing was necessary, and was not admissible without a release, and a release could make him a competent witness, the action to stand for trial, otherwise a nonsuit to be entered.

*T. J. D. Fuller*, for tenants.

*B. Bradbury*, for demandant.

TENNEY, J. — The demandant claims under a mortgage given by John B. Wing to Albion P. Hayford, to secure three notes described in the condition of the same, dated January 28, 1846, and recorded June 25, 1846, which mortgage was assigned to him on August 13, 1849, and recorded September 4, 1849, and two of the notes secured by the mortgage, indorsed by the payee, are produced by the demandant, as being outstanding and unpaid.

The tenants introduced, in support of their claim to the land, a deed of quitclaim to them from the said John B. Wing, dated May 13, 1846, recorded on May 14, 1846, in which there is no covenant, but the following, " so that neither I, the said Wing, nor his heirs, or any other person or persons, claiming from or under him or them, or in the name, right or stead of him or them, shall or will, by any way or means, have, claim or demand, any right or title to the aforesaid premises, or their appurtenances, or to any part or parcel thereof, forever."

By the titles exhibited by the records in the registry of deeds, and the deeds themselves, the demandant cannot prevail, as the deed to the tenants, though executed after the mortgage to Hayford, was recorded at an earlier date, and

so became effectual, if no other evidence had been adduced. R. S., c. 91, § 1.

But the demandant introduced in evidence the deposition of John B. Wing, his mortgager, and the tenants' grantor, for the purpose of showing, that the latter had actual notice of the existence of the mortgage to Hayford, prior to the time when the deed to them was delivered. This deposition was objected to, on the ground of interest in the deponent; and a question presented for decision is, whether at the time the testimony was taken, Wing had a disqualifying interest.

If the demandant should prevail in this action, by means of other evidence than that which exhibits the record title alone, it must be by proof of actual notice to the tenants of the existence of the mortgage, at the time they took the deed from Wing. And when the land shall be taken by the demandant, the tenants will be entitled to recover on the covenant of non-claim, which was broken by the grantor, on the delivery of the deed to them.

If the suit should result in favor of the tenants, it must be upon the ground that the title is in them, and the demandant being deprived of the land, as security of the outstanding notes, or absolutely, if the mortgage has been foreclosed, is entitled to recover the amount due on the notes, or for a breach of the covenant of warranty contained in the mortgage deed. This view presents a liability of John B. Wing, the deponent, to one party or the other; and it does not appear, that this liability to the tenants would be for a less amount, if the demandant should recover, than that to the demandant, if the title should be in the tenants. He was therefore a competent witness.

According to the testimony of Wing, before and at the time of the execution and delivery of his deed to the tenants, one of them had actual notice of the conveyance in mortgage to Hayford, and this conveyance took precedence of that to them. R. S., c. 91, § 26. According to the agreement of the parties, *Tenants defaulted.*